UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAIN UNDERWRITERS OF LLOYD'S OF LONDON, et al., <br><br> Plaintiffs <br><br> v. <br><br> STRONG TOWER CONSTRUCTION, L.L.C., F/K/A KOCH CORPORATION, <br><br> Defendant. | CIVIL ACTION NO. 1:24-CV-00461 <br><br> (MEHALCHICK, J.) |

### MEMORANDUM

Plaintiffs Certain Underwriters at Llyod's of London and HDI Global Specialty SE (collectively, "Plaintiffs") bring this breach of contract action against Strong Tower Construction LLC f/k/a Koch Corporation ("Defendant"). (Doc. 18). Presently before the Court is a motion to dismiss filed by Defendant. (Doc. 20). For the following reasons, the motion to dismiss will be **DENIED**. (Doc. 20).

I. **BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of a subcontract connected to the construction of a new federal courthouse in Harrisburg, Pennsylvania ("the Construction"). (Doc. 18). This subcontract was entered into by Mascaro Construction Company LP ("Mascaro") and Koch Corporation. (Doc. 18, ¶¶ 6, 7). Plaintiffs allege that Koch Corporation failed to fully perform under the terms of the subcontract. (Doc. 18, at 4-5). Specifically, Plaintiffs allege Koch Corporation failed "to fabricate, deliver, and install the courthouse's curtain wall system, which was the scope of its $15.6 million subcontract." (Doc. 18, at 5; Doc. 24, at 5). Plaintiffs allege that, as

insurers, they issued Mascaro an insurance policy to cover costs and expenses incurred by subcontractors during the Construction. (Doc. 18, ¶¶ 11-13). Accordingly, Plaintiffs allege they are subrogated to Mascaro's claims against Defendant for Koch Corporation's failure to perform under the subcontract.

On February 12, 2024, Plaintiffs first filed a complaint in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1-2). The case was removed to this Court on March 18, 2024. (Doc. 1). On May 29, 2024, Plaintiffs filed the instant amended complaint. (Doc. 18). Therein, they allege three claims, two for declaratory judgment (Count I and Count II) and one for breach of contract (Count III). (Doc. 18).

On June 18, 2024, Plaintiffs filed the instant motion to dismiss. (Doc. 20). On July 2, 2024, Defendant filed a brief in support of its motion. (Doc. 21). On July 30, 2024, Plaintiffs filed a brief in opposition. (Doc. 24). On August 13, 2024, Defendant filed a reply brief. (Doc. 25). Accordingly, the motion has been fully briefed and is ripe for discussion. (Doc. 20; Doc. 21; Doc. 24; Doc. 25).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents

incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for

which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

## III.  DISCUSSION

Defendant asks this Court to dismiss Plaintiffs' breach of contract claim, Count III of the amended complaint, arguing it is untimely and barred by the applicable four-year statute of limitations set forth in 42 Pa.C.S. § 5525. (Doc. 18, at 14; Doc. 21, at 1). Plaintiffs argue that Defendant's motion should be denied because neither the amended complaint nor Defendant's motion establishes that Plaintiffs' breach of contract claim is time-barred. (Doc. 24, at 16). Further, Plaintiffs aver that application of the relevant statute of limitations requires a factual inquiry not appropriate at this stage of the litigation. (Doc. 24, at 6). For the following reasons, the Court agrees with Plaintiffs.

This case involves the subrogation of Mascaro's breach of contract claims against Koch Corporation, with Plaintiffs standing in as subrogees. "'Subrogation' refers to the 'substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against a third party.'" *First Nonprofit Ins. Co. v. Meenan Oil LLC*, 462 F. Supp. 3d 537, 538 (E.D. Pa. 2020) (quoting *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 97 n.5 (2013). Subrogation places the subrogee "in the precise position of the one to whose rights and disabilities he is subrogated." *Allstate Ins. Co. v. Clarke*, 364 Pa. Super. 196, 527 A.2d 1021, 1024 (1987); *see also Church Mutual Ins. Co. v. Palmer Constr. Co., Inc.*, 153 Fed. App'x. 805, 808 (3d Cir. 2005). A subrogee is therefore subject to all defenses that may be raised against the subrogor. *See In re Frescati Shipping Co., Ltd.*, 886 F.3d 291, at 310 (3d Cir.

2018), *aff'd sub nom. CITGO Asphalt Ref. Co. v. Frescati Shipping Co., Ltd.*, 589 U.S. 348, 140 S. Ct. 1081, 206 L. Ed. 2d 391 (2020). Nonetheless, "a subrogee has no greater rights than those held by the subrogor." *Bell v. Slezak*, 571 Pa. 333, 812 A.2d 566, 574 n. 8 (2002); *see also Church Mutual*, 153 Fed. App'x. at 808. Plaintiffs allege that "Mascaro's rights and claims against Koch [Corporation]" are subrogated to them by virtue of their insurance payout to Mascaro. (Doc. 18, ¶¶ 11-13, 72-75). Accordingly, Plaintiffs are entitled to bring their claims against Defendant in the same manner as would Mascaro. As a "subrogee [Plaintiffs are thus] bound by the statute of limitations as it [has accrued] against the subrogor [Mascaro]." *Pub. Serv. Mut. Ins. Co. v. Kidder-Friedman*, 743 A.2d 485, 489 (Pa. Super. Ct. 1999); *see also Selective Way Ins. Co. v. Gunnebo Johnson Corp.*, No. 1:10-CV-422, 2011 WL 335589, at *3 (M.D. Pa. Jan. 26, 2011) (finding a subrogee subject to the same statute of limitations as a subrogor); *see also Reyna v. Phoenix Ins. Co.*, No. 1:CV-10-0588, 2011 WL 902424, at *2 (M.D. Pa. Mar. 15, 2011) (stating "a subrogee is subject to all defenses that may be raised against the subrogor[.]").

To allege a breach of contract claim, a plaintiff must show that a contract exists, the contract was breached, and that damages resulted from the breach. *See generally Rosenberg v. Amica Mut. Ins. Co.*, No. CV 18-406, 2018 WL 4944396, at *2 (W.D. Pa. July 12, 2018), *report and recommendation adopted*, No. CV 18-406, 2018 WL 4944372 (W.D. Pa. July 30, 2018). "Under Pennsylvania law, the statute of limitations for a breach of contract claim is four years." *Mattia v. Allstate Ins. Co.*, No. CIV.A. 14-2099, 2014 WL 2880302, at *2 (E.D. Pa. June 24, 2014) (citing 42 Pa. Cons. Stat. § 5525). The limitations period begins to run at the time the cause of action accrues. 42 Pa. Cons. Stat. § 5502(a). In the case of a breach of contract claim, the cause of action accrues at the time of the breach. *See Keen v. Lockheed Martin Corp.*, 486 F. Supp. 2d 481, 494-95 (E.D. Pa. 2007). At the motion to dismiss stage, if the time of

the breach is unclear, "then the motion to dismiss should be denied and the issue should be decided at a later stage of the litigation." *Wise v. Mortg. Lenders Network USA, Inc.*, 420 F. Supp. 2d 389, 393 (E.D. Pa. 2006).

The parties agree and the docket reflects that Plaintiffs first brought this action on February 12, 2024. (Doc. 1-2). The parties dispute when the cause of action accrued, or when Koch Corporation allegedly breached the subcontract. (Doc. 21, at 5; Doc. 24, at 17-19). According to Defendant, the action accrued as early as August 2019 because at that point Mascaro became aware that Koch Corporation's design and fabrication of the curtain walls was deficient. (Doc. 21, at 5). Defendant regards this awareness as knowledge of a breach of the subcontract. (Doc. 21, at 5-6). Plaintiffs aver that while Mascaro may have been aware of deficiencies in Koch Corporation's performance, Koch Corporation "still had more than ample time to address any deficiencies in its processes and meet the substantial completion date" of the subcontract. (Doc. 24, at 18). Thus, Koch Corporation had not yet breached the subcontract. (Doc. 24, at 18). Plaintiffs continue that, according to the amended complaint, "the earliest date that Defendant could have been in breach is December 13, 2020 – after the expiration of the two-day cure period that the Subcontract required Mascaro to provide upon declaring Defendant to be in default." (Doc. 24, at 18). Plaintiffs, however, anticipate that discovery will reveal that Mascaro did not sustain damages until June 2021, thus rendering the accrual date even later. (Doc. 24, at 18). Regardless, as Plaintiffs see it, "even if any deficiency in Defendant's processes did constitute a breach, the 'repair doctrine' tolled the running of the statute of limitations," as well as the 'discovery rule.'" (Doc. 24, at 20, 21).

Dismissal at this stage of the litigation is only appropriate when the applicable statute of limitations is apparent from the face of the complaint. *See C.J. Hughes Constr. Co. Inc. v. EQM*

*Gathering OPCO, LLC*, No. CV 18-168, 2018 WL 11311270, at *1 (W.D. Pa. June 21, 2018); *see also Ocwen Loan Servicing, LLC v. Radian Guar., Inc.*, No. CV 16-6586, 2017 WL 11551892, at *1 (E.D. Pa. July 20, 2017) ("We deny Defendant's motion to dismiss because it is not apparent from the face of the complaint the statute of limitations bars any claim."). "If the [relevant time] bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *LabMD, Inc. v. Boback*, 47 F.4th 164, 179 n.9 (3d Cir. 2022). Here, the date that Koch Corporation allegedly breached the subcontract is not apparent from the face of the amended complaint. (Doc. 18); *see Corr v. UBS AG*, No. CV 09-4191 (JLL), 2010 WL 11570247, at *1 (D.N.J. Jan. 13, 2010) ("'If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)'" (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002))). Thus, determining whether the four-year statute of limitations had run would require a fact-intensive inquiry that is not appropriate at this stage of the litigation.

While the amended complaint does support Defendant's argument that Mascaro was concerned with Koch Corporation's work as early as 2019, it is unclear without fact discovery whether an actual breach of the subcontract occurred at this time. (Doc. 18, ¶¶ 15, 17-21, 24). This is especially true given that the amended complaint provides it was not until December 2020 that "it had become clear to Mascaro that Koch was unable to design and fabricate the Project's curtainwall and window systems to meet the quality standards that Koch itself had set and to obtain the necessary approvals of the Owner." (Doc. 18, ¶ 22). Furthermore, a default letter was not issued until December 10, 2020. (Doc. 18, ¶ 25). Thus, because the "time-bar is not clear based on the face of the complaint, [] the motion to dismiss should be

denied and the issue should be decided at a later stage of the litigation."[1] *Wise v. Mortg. Lenders Network USA, Inc.*, 420 F. Supp. 2d 389, 393 (E.D. Pa. 2006). Defendant's motion to dismiss will therefore be **DENIED** on this basis. (Doc. 20); *see Corr*, 2010 WL 11570247, at *2 ("But, for purposes of a motion to dismiss asserting a statute of limitations defense, the time bar must be apparent on the face of the Complaint itself. . . his Court finds that a time bar is not apparent on the face of the Complaint. Defendants' motion to dismiss is denied."). After meaningful discovery, the Court will be in a better position to determine when the subcontract was allegedly breached and whether the four-year statute of limitations was violated.

IV. CONCLUSION

Based on the foregoing, Defendant's motion to dismiss is **DENIED**. (Doc. 20).

An appropriate Order follows.

Date: January 13, 2025                                                      BY THE COURT:

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

[1] Because the Court finds that violation of the applicable statute of limitations is not apparent from the face of the complaint, the Court will reserve discussion of the repair doctrine and the discovery rule until after meaningful discovery has been conducted on this issue.